**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**Nos. 05-10090 & 05-11460**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2005
THOMAS K. KAHN
CLERK

BIA No. A97-200-778

EL HADJI RAVANE DIOP,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

**Petitions for Review of an Order of the**
**Board of Immigration Appeals**

_____

**(December 13, 2005)**

**Before TJOFLAT, ANDERSON and WILSON, Circuit Judges.**

**PER CURIAM:**

El Hadji Ravane Diop petitions for review of the Board of Immigration

Appeals' ("BIA") (1) December 9, 2004 order affirming the Immigration Judge's ("IJ") denial of Diop's motion for continuance to obtain counsel and (2) February 14, 2005 order denying Diop's motion to reopen his removal proceedings based on his appellate counsel's ineffectiveness.[1]  On appeal, Diop presents the following issues: (1) whether the IJ abused his discretion and violated Diop's due process rights by denying Diop's motion for continuance to obtain an attorney and (2) whether the BIA abused its discretion by denying Diop's motion to reopen based upon the ineffective assistance of Diop's appellate counsel.

An IJ has discretion to grant a continuance in an immigration proceeding "for good cause shown."  8 C.F.R. §1003.29.  We have jurisdiction to review the IJ's discretionary decision to deny Diop's  motion for continuance.  *Zafar v. United States Attorney Gen.*, 11th Cir.  2005, ___ F.3d ___, (Nos. 04-16613, 04-16689, & 04-16750, Sept. 27, 2005).  The IJ did not abuse his discretion in denying the motion.  The IJ had previously granted a continuance to provide Diop almost four months within which to obtain an attorney, and Diop failed to contact any attorneys on the list that the IJ provided him.  Additionally, Diop has not demonstrated that an attorney's presence would have changed the outcome.

Diop also argues that the outcome of his case would have been different with

---

[1]  With this opinion, we are addressing two petitions for review that were consolidated into this appeal.

the assistance of counsel and thus the denial of his motion for continuance violated his right to due process. However, "[t]here is no constitutionally protected right to discretionary relief, which is the relief requested here." *Id*. (citing *Tefel v. Reno*, 180 F.3d 1286, 1300 (11th Cir. 1999)).

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999). Pursuant to the Fifth Amendment Due Process Clause, "[a]liens enjoy the right to the effective assistance of counsel in deportation proceedings." *Id*. at 1146. "[T]o establish the ineffective assistance of counsel in the context of a deportation hearing, an alien must establish that his or her counsel's performance was deficient to the point that it impinged the 'fundamental fairness' of the hearing." *Id*. In addition, a petitioner seeking to reopen his proceedings due to ineffective assistance of counsel must show that counsel's performance was so deficient that it may have affected the outcome of the proceedings. *Dakane v. United States Attorney Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005).

Diop argues that his appellate counsel was ineffective because he failed to contest before the BIA the IJ's finding that Diop's asylum application was time-barred. Diop specifically argues that, even though he admittedly filed his application two months late, his appellate counsel should have contended that Diop's delay was reasonable due to the extraordinary circumstances of being

3

forced to care for his sick brother and receiving faulty legal advice. Diop argues that his attorney's failure to present these arguments on appeal prejudiced him because this Court cannot review a time-barred application.

An alien may not apply for asylum unless he demonstrates by clear and convincing evidence that the application has been filed within one year of his arrival in the United States. Immigration and Nationality Act § 208(a)(2)(B); 8 U.S.C. § 1158(a)(2)(B). A late application for asylum may be considered in the existence of changed circumstances which materially affect the alien's eligibility for asylum or extraordinary circumstances relating to the delay in filing the application. 8 U.S.C. § 1158(a)(2)(B), (D). No court can review the Attorney General's decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances, such that the time limit should be waived. 8 U.S.C. § 1158(a)(3); *Fahim v. United States Attorney Gen.*, 278 F.3d 1216, 1217-18 (11th Cir. 2002) (per curiam).

Diop admittedly filed his application two months late. He has failed to show prejudice from his appellate counsel's failure to argue on appeal to the BIA that the IJ erred in finding Diop's asylum application time-barred based on an absence of extraordinary circumstances. The record does not support Diop's contention that his appellate counsel should have argued that the IJ erroneously assumed Diop had ceased taking care of his brother several months before the filing deadline. The

4

record demonstrates that the IJ was aware of Diop's brother's ongoing condition since Diop specifically testified that, even on the day of the asylum hearing, his brother vacillated between getting better and being sick.

Additionally, the record does not support Diop's contention that his appellate counsel should have argued that the IJ erred in not acknowledging that the attorney who misinformed Diop was a paralegal and that no formal complaint process existed with regard to paralegals. Diop had submitted as an exhibit at his hearing the business card for the alleged attorney that misinformed him. This exhibit, which the IJ reviewed, clearly stated that the individual Diop had spoken to was a paralegal. Additionally, Diop admitted that he had not attempted to file any complaints against the paralegal, whom he thought at the time was a lawyer, and if he had done so, the Bar Association would have informed him that the paralegal was not a lawyer. Thus, Diop fails to establish that his appellate counsel's failure to argue that the IJ erred in his assessment of Diop's alleged extraordinary circumstances was so deficient that it may have affected the proceedings' outcome.

Diop also argues that his appellate counsel's failure to contest the IJ's interpretation of "past persecution" prejudiced him because Diop's testimony, combined with the current country reports, demonstrated that he suffered past persecution on account of his political opinion. Diop also argues that he was

5

prejudiced by his appellate counsel's failure to contest the IJ's definition of a "well-founded" fear of future persecution because the BIA may have held that the IJ erroneously relied upon one country report in rejecting Diop's claim of future persecution. Diop claims that had these arguments been made, the BIA would have ruled in his favor on his asylum claim under the Immigration and Nationality Act ("INA") and his withholding of removal claims under the INA and the United Nations Convention Against Torture ("CAT").

An alien who arrives in, or is present in, the United States may apply for asylum. *See* 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." *See* 8 U.S.C. § 1158(b)(1)(A). A "refugee" is defined as a person who cannot return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *See Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

If the petitioners demonstrate past persecution, they are presumed to have a well-founded fear of future persecution unless the government can rebut this presumption by showing a fundamental change in circumstances in the country or the ability to avoid future persecution by relocating within the country. 8 C.F.R

§ 208.13(b)(1).  If the petitioners cannot show past persecution, then they must demonstrate a well-founded fear of future persecution that is both "subjectively genuine and objectively reasonable."  *See Najjar*, 257 F.3d at 1289.  The subjective component can be proved "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution."  *Id*. (quotation omitted).

Although the INA does not expressly define "persecution" for purposes of qualifying as a "refugee," we have noted that other circuits have stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation."  *Sepulveda v. United States Attorney Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (quotations omitted).  To establish the necessary causal connection between the political opinion and the feared persecution, the alien must present "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of such an opinion."  *Id*. at 1231 (quotation omitted) (emphasis in original).

An alien is entitled to withholding of removal under the INA if he or she can show that his or her "life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion."  *Mendoza v. United States Attorney Gen*., 327 F.3d 1283, 1287 (11th Cir. 2003); *see*

7

*also* 8 U.S.C. § 1231(b)(3). As a general rule, however, if "an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation." *Najjar*, 257 F.3d at 1292-93 (quotation omitted). The burden of proof for an alien seeking withholding of removal under the CAT, like the burden for an alien seeking withholding of removal under the INA, is also higher than the burden for showing entitlement to asylum. *Najjar*, 257 F.3d at 1303.

Diop fails to demonstrate that the BIA abused its discretion in denying Diop's motion to reopen based on Diop's appellate counsel's failure to appeal the IJ's denial of Diop's asylum and withholding of removal claims. Additionally, Diop does not show that the outcome of his case would have been different if his appellate counsel had argued on appeal that the IJ erred in denying Diop's asylum claim. Substantial evidence supports the IJ's finding that Diop did not suffer past persecution on account of his political opinion, and thus was not eligible for asylum. Diop testified to only one incident of persecution that occurred eight years prior to Diop's leaving Senegal for the United States, in which Diop was arrested, detained for two months, and then released after being burned on his hand. Moreover, Diop left the Casamance Democratic Army Movement in 1994 after his arrest and was not bothered again until 2001 when he offered to conduct a training seminar on information technology for some members of the movement. After he

8

conducted the seminar, Diop testified that his contact with authorities consisted of his being asked some questions in a non-custodial setting.

Additionally, an appellate counsel challenge to the IJ's finding that Diop failed to establish a well-founded fear of future persecution in Senegal would not have changed the outcome. Even if the IJ relied on the 2002 country report, other articles in the record supported the 2002 country report's assessment that the situation in Senegal seemed to be improving, especially noting the country's recent fair and free elections and the new president's ongoing attempt to continue peace talks with the Casamance Democratic Army Movement. Moreover, the police search of Diop's house after he left for the United States, and a letter from one of Diop's brothers in Senegal indicating that the police were searching for him, fails to amount to a well-founded fear of future persecution, since before Diop left Senegal the government was only questioning him in a non-custodial setting.

Lastly, because Diop failed to establish past persecution or a well-founded fear of future persecution sufficient to support his asylum claim, as discussed above, his appellate counsel would not have been able to establish that he was eligible for withholding of removal under the INA and the CAT. Thus, the denial of Diop's motion to reopen based on the ineffective assistance of his appellate counsel was proper.

Upon review of the record and consideration of the parties' briefs, we affirm

the BIA's orders affirming the denial of the IJ's motion for continuance and denying Diop's motion to reopen based on the ineffective assistance of his appellate counsel.

**PETITION DENIED.**